**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHARLES HERBERT PROCTOR, III and SYNOVA ASSET MANAGEMENT, LLC, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

JPMORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,

Defendants.

Case No. 20 Civ. 05360 (PAE)
ECF Case

ROBERT CHARLES CLASS A, L.P., on Behalf of Itself and All Others Similarly Situated,

Plaintiff,

v.

J.P. MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,

Defendants.

Case No. 20 Civ. 05298 (PAE)
ECF Case

[*caption continued next page*]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT LOWEY DANNENBERG P.C. AND KIRBY McINERNEY LLP AS INTERIM CO-LEAD COUNSEL**

THOMAS GRAMATIS, on Behalf of himself and All Others Similarly Situated,

                    Plaintiff,

         v.

JPMORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,

                    Defendants.

Case No. 20 Civ. 05918 (PAE)
ECF Case

BUDO TRADING LLC, Individually and on Behalf of All Others Similarly Situated,

                    Plaintiff,

         v.

J.P. MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,

                    Defendants.

Case No. 20 Civ. 05772 (PAE)
ECF Case

ENDEAVOR TRADING, LLC, individually and on behalf of all those similarly situated,

Plaintiff,

v.

JPMORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,

Defendants.

Case No. 20 Civ. 05285 (PAE)
ECF Case

JOHN GRACE, individually and on behalf of all those similarly situated,

Plaintiff,

v.

JPMORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,

Defendants.

Case No. 20 Civ. 04523 (PAE)
ECF Case

[*caption continued next page*]

BREAKWATER TRADING LLC, individually and on behalf of all those similarly situated,

Plaintiff,

v.

JPMORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,

Defendants.

Case No. 20 Civ. 03515 (PAE)
ECF Case

**TABLE OF CONTENTS**

INTRODUCTION ........ 1

ARGUMENT ........ 3

THE LOWEY/KIRBY TEAM IS BEST POSITIONED TO REPRESENT THE INTERESTS OF THE CLASS ........ 3

I. Rule 23(g)(3) Authorizes the Court to Appoint Interim Co-Lead Counsel to Act on Behalf of the Class Before Class Certification. ........ 3

II. Appointing the Lowey/Kirby Team as Interim Co-Lead Counsel is in the Best Interest of the Class. ........ 4

A. The Lowey/Kirby Team is Uniquely Qualified to Fairly and Adequately Represent the Interests of the Class as Interim Co-Lead Counsel Pursuant to Fed. R. Civ. P. 23(g). ........ 4

B. Rule 23(g)(1)(A)(i): The Lowey/Kirby Team Performed Extensive Work Developing the Class's Claims and the Allegations Supporting the Claims in the Related Actions. ........ 5

C. Rule 23(g)(1)(A)(ii) and (iii): The Lowey/Kirby Team Possesses Unparalleled Experience Litigating Commodity Exchange Act Cases and Extensive Knowledge of the Applicable Law. ........ 7

D. Rule 23(g)(1)(A)(iv): The Lowey/Kirby Team Will Commit More Than Ample Resources to Representing the Class. ........ 16

III. Rule 23(g)(1)(B) Discretionary Factors Also Favor Appointing the Lowey/Kirby Team as Intermin Lead Counsel. ........ 18

CONCLUSION ........ 22

## TABLE OF AUTHORITIES

### CASES

*In re Crude Oil*,
No. 11 Civ. 3600, 2012 WL 569195 (S.D.N.Y. Feb. 14, 2012) .......... 20

*In re Interest Rate Swaps Antitrust Litig.*,
No. 16 MD 2704, 2016 WL 4131846 (S.D.N.Y. Aug. 3, 2016) .......... 3, 20

*Kohen v. Pac. Inv. Mgmt. Co. LLC,*
571 F.3d 672 (7th Cir. 2009) .......... 5

*In re Mun. Derivatives,*
252 F.R.D. 184 (S.D.N.Y. 2008) .......... 5

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,*
2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006) .......... 20

*In re Robinhood Outage Litig.,*
No. 20 Civ. 01626 (N.D. Cal. July 14, 2020) .......... 21

### RULES AND OTHER AUTHORITIES

Federal Rules of Civil Procedure
Rule 23(g)(3) .......... 3
Rule 23(g)(1)(A) .......... 4
Rule 23(g)(1)(B) .......... 4
Rule 23(g)(2) .......... 4
Rule 23(g) .......... 5

Manual for Complex Litigation (Fourth) § 21.11 (2004) .......... 3


Plaintiffs Charles Herbert Proctor, III and Synova Asset Management, LLC ("Plaintiffs") respectfully requests that this Court appoint Lowey Dannenberg, P.C. ("Lowey") and Kirby McInerney, LLP ("Kirby," and collectively with Lowey, "the Lowey/Kirby Team") as Interim Co-Lead Counsel pursuant to the Federal Rules of Civil Procedure, Rule 23(g).

## INTRODUCTION

The Lowey/Kirby Team filed the first of the seven Related Actions[1] on May 1, 2020.[2] Subsequently, six additional actions were filed. Following coordination spearheaded by the Lowey/Kirby Team and counsel for Defendants, all seven Related Actions are now pending before this Court. *See* Section II.B., *infra*. Each of the Related Actions alleges that JPMorgan[3] manipulated the prices of U.S. Treasury futures contracts and options on those contracts traded on United States-based exchanges in violation of the Commodity Exchange Act, 7 U.S.C. §§ 1, *et seq.* (the "CEA"), and the common law. *See Proctor v. JPMorgan Chase & Co.*, No. 20 Civ. 2666, ECF No. 1 (S.D.N.Y. May 1, 2020).

---

[1] The "Related Actions" refer to: (1) *Charles Herbert Proctor, III et al., v. JPMorgan Chase & Co. et al.*, No. 20 Civ. 05360 (S.D.N.Y.); (2) *Robert Charles Class A. L.P., v. J.P. Morgan Chase & Co. et al.*, No. 20 Civ. 05298 (S.D.N.Y.); (3) *Breakwater Trading LLC v. JPMorgan Chase & Co. et al.*, No. 20 Civ. 03515 (S.D.N.Y.); (4) *John Grace v. J.P. Morgan Chase & Co. et al.*, No. 20 Civ. 04523 (S.D.N.Y.); (5) *Thomas Gramatis v. J.P. Morgan Chase & Co. et al.*, No. 20 Civ. 05918 (S.D.N.Y.); (6) *Endeavor v. JP Morgan Chase & Co. et al.*, No. 20 Civ. 05285 (S.D.N.Y.); and (7) *Budo Trading LLC v. J.P. Morgan Chase & Co. et al.*, No. 20 Civ. 05772 (S.D.N.Y.). All exhibit references are to the Declaration of Karen M. Lerner, filed contemporaneously herewith. Unless otherwise noted, all references to "ECF No." are to the *Proctor* action.

[2] As discussed in the parties' telephonic conference with the Court on August 13, 2020, and as stated in the joint letter to the Court submitted by the parties on August 11, 2020, all parties consent to consolidation of the Related Actions. A provision ordering consolidation is included in the Proposed Order submitted contemporaneously herewith.

[3] "JPMorgan" includes Defendants JPMorgan Chase & Co., J.P. Morgan Clearing Corp., J.P. Morgan Securities LLC, J.P. Morgan Futures, Inc. (now known as J.P. Morgan Securities LLC), and John Does 1-50.

The Lowey/Kirby Team seeks to continue their early leadership of this litigation by requesting appointment as interim co-lead counsel for the putative class.[4] Examination of the Lowey/Kirby Team's attributes in tandem with the factors set forth in Fed. R. Civ. P. 23(g)(1)(A) discussed further below, demonstrates that the Lowey/Kirby Team is the best choice:

- An unmatched track record of prosecuting cutting-edge CEA cases, obtaining the ***largest and second largest*** settlements in the history of CEA litigation, and successfully certifying classes of damaged investors—the only way to protect the rights of absent class members;

- A wealth of experience in futures spoofing cases (including those with parallel Department of Justice ("DOJ") proceedings) and in litigation against JPMorgan, ensuring efficient litigation with no time wasted on a learning curve about the market, JPMorgan's trading practices, or working effectively alongside the DOJ;

- An in-house e-discovery system that will save millions of dollars for the class, paired with state-of-the-art information security practices; and

- A commitment to client-driven litigation, as demonstrated by a lack of referral arrangements, strict adherence to billing and expense protocols, and a long history of working with sophisticated and proactive clients.

Of the other firms who filed Related Actions following Lowey/Kirby's initial filing, the majority support Lowey/Kirby's appointment as co-lead counsel. They include: Scott + Scott LLP ("Scott+Scott"), Korein Tillery LLC ("Korein Tillery"), Cafferty Clobes Meriwether & Sprengel LL ("Cafferty"), Freed Kanner London & Millen LLC ("Freed Kanner"), Louis F. Burke PC, and Aeton Law Partners LLP. Each of these firms independently has the litigation track record and necessary resources that would enable them to submit compelling leadership applications of their own. *See* Section III, *infra*. Instead, these firms have elected to support the Lowey/Kirby Team's application in deference to Lowey/Kirby's early leadership in this litigation and their unique

---

[4] Cafferty served as liaison counsel in connection with the first-filed Related Action and supports the Lowey/Kirby Team's motion to serve as interim co-lead counsel here.

expertise in prosecuting CEA cases. *Id.* If appointed interim co-lead counsel, the Lowey/Kirby Team would be able to draw upon the skills and resources of these pre-designated firms as necessary, while retaining full control and oversight of the litigation. *See* [Proposed] Order, filed contemporaneously herewith.[5]

For the reasons discussed more fully herein, the Lowey/Kirby Team respectfully submits that they are best positioned to represent the interests of the putative class and seek to be appointed as Interim Co-Lead Counsel.

## ARGUMENT

## THE LOWEY/KIRBY TEAM IS BEST POSITIONED TO REPRESENT THE INTERESTS OF THE CLASS

### I. Rule 23(g)(3) Authorizes the Court to Appoint Interim Co-Lead Counsel to Act on Behalf of the Class Before Class Certification.

The Court may designate interim counsel to act on behalf of a putative class before a class certification decision. Fed. R. Civ. P. 23(g)(3). Designation of interim counsel '"clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *In re Interest Rate Swaps Antitrust Litig.*, No. 16 MD 2704, 2016 WL 4131846, at *4 (S.D.N.Y. Aug. 3, 2016) (quoting Manual for Complex Litigation (Fourth), Sec. 21.11 (2004)). In doing so, the Court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling

---

[5] The Nussbaum Law Group, P.C. ("NLG"), along with the support of its referral and co-counsel, have signaled its intention to file a competing interim lead counsel motion. The Lowey/Kirby Team offered NLG a significant role in the case (an offer that remains open), but the invitation was rejected. *See* Section II.B., *infra.* Even without the support of the NLG, the Lowey/Kirby Team is supported by five of the eight plaintiffs who filed initial complaints and eight of the thirteen firms that appeared in the Related Actions.

class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). None of these considerations are individually determinative; rather, they provide a framework under which the Court may analyze and determine whether counsel can fairly and adequately represent the class. The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Where there are competing applicants, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Here, examination of each factor demonstrates that Lowey/Kirby is the applicant best able to represent the interests of the class.

## II. Appointing the Lowey/Kirby Team as Interim Co-Lead Counsel is in the Best Interest of the Class.

### A. The Lowey/Kirby Team is Uniquely Qualified to Fairly and Adequately Represent the Interests of the Class as Interim Co-Lead Counsel Pursuant to Fed. R. Civ. P. 23(g).

Using their litigation judgment accumulated over years of experience, the Lowey/Kirby Team developed the first-filed complaint that served as a template for the complaints to follow. Their attorneys have been at the forefront of CEA litigation from the very outset and have an extensive history of successfully certifying classes of futures traders and achieving substantial recoveries on their behalf—dwarfing those obtained by the government. Not only are Lowey/Kirby attorneys experts on CEA litigation generally, they are leaders in futures spoofing cases specifically, as well as in litigation against JPMorgan. Lowey and Kirby are sizeable firms with significant human and financial resources to invest for the benefit of the class, and with experience in working collaboratively and efficiently with co-counsel. For all these reasons and more, as

described below, each prong of Fed. R. Civ. P. 23(g) weighs overwhelmingly in favor of the Lowey/Kirby Team.

**B. Rule 23(g)(1)(A)(i): The Lowey/Kirby Team Performed Extensive Work Developing the Class's Claims and the Allegations Supporting the Claims in the Related Actions.**

The Lowey/Kirby Team investigated and filed the first case in these Related Actions alleging JPMorgan manipulated the treasury futures markets by employing an unlawful and manipulative device known as "spoofing," whereby JPMorgan placed orders for treasury futures to send false supply and demand signals and then canceled those orders prior to execution. Before filing, the Lowey/Kirby Team performed a substantial independent investigation of JPMorgan's misconduct and the Treasury futures market. As part of their investigation, the Lowey/Kirby Team: (a) conducted detailed factual research, including an analysis of news reports, public filings, and other publicly available facts and data concerning JPMorgan's manipulation of the treasury futures market and other markets (*e.g.*, precious metals); (b) consulted with its deep bench of leading economic experts that specialize in commodity market manipulation; (c) analyzed Treasury futures market and pricing data; (d) consulted with market participants; and (e) consulted decades' worth of legal research developed in the numerous other successful CEA class actions Lowey and Kirby have prosecuted, including cases alleging manipulation of treasury futures markets. *See In re Mun. Derivatives*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (crediting "work done by counsel in identifying and investigating potential claims in this action, the Court finds that the work done by the Firms weighs in favor of their appointment as interim lead counsel"); *see also, e.g.*, *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672 (7th Cir. 2009). The first-filed complaint, therefore, reflects careful and considered judgments concerning the claims asserted and demonstrates the extensive amount of work the Lowey/Kirby Team has performed so far on behalf of the class. The NLG's competing

complaint borrowed heavily from that work and judgment. Indeed, in a number of places, the *Breakwater* complaint copies virtually verbatim from *Proctor*, tweaking just a word or two.

The Lowey/Kirby Team continues to build upon its extensive pre-suit investigation and has already begun drafting a consolidated amended class action complaint in the event it is appointed Interim Co-Lead Counsel. This will avoid any unnecessary delay and ensure that the class benefits from this detailed, ongoing investigation.

Additionally, the Lowey/Kirby Team has already made an important litigation move in the interest of the class: expediting the case by negotiating with JPMorgan to transfer all related cases filed in the Northern District of Illinois to this District, thus bypassing the lengthy Multidistrict Litigation process sought by the NLG plaintiffs and facilitating early settlement discussions. This time-saving choice is particularly important and beneficial to the class given the DOJ's parallel investigation of JPMorgan's conduct. The DOJ is likely to seek a stay of this action pending completion of its investigation, meaning that class members may have to wait years for any recovery—absent an early settlement. The Lowey/Kirby Team's early work toward that goal, even before knowing whether they will be appointed lead counsel, demonstrates their commitment to achieving the best outcome for the class. *See* ECF No. 34 (noting "Plaintiffs and JPMorgan entered in Rule 408 discussions and began the process of establishing a framework for early resolution of the litigation."). Indeed, despite the pendency of a lengthy DOJ stay, Kirby recently settled *Shak v. JP Morgan Chase & Co*, No. 15 Civ. 992 (S.D.N.Y.) [rel. 15 Civ. 994, 995] with the same counsel representing the JP Morgan defendants in this action.

In contrast, the NLG detracted from early case management efforts by filing a premature MDL motion (having filed a complaint in a different District for this purpose) while discussions with defense counsel and other plaintiffs' counsel remained ongoing. That motion was mooted by

the coordination efforts of the Lowey/Kirby Team. *See* ECF No. 34; *Robert Charles v. JP Morgan Chase & Co.*, No. 20 Civ. 5298 (S.D.N.Y.), ECF No. 33; *Gramatis v. JP Morgan Chase & Co.*, No. 20 Civ. 5918 (S.D.N.Y.), ECF No. 10; *In re Treasury Futures Spoofing Litig.*, MDL No. 2958, ECF No. 24 (deeming the motion moot). Likewise, the NLG's attempt to relate its first complaint to the *In re JP Morgan Precious Metals Spoofing Litigation*, No. 18 Civ. 10356 (S.D.N.Y.) (Woods, J.) failed. The NLG's request made no sense as Lowey serves as sole lead counsel in connection with that litigation (*see* Section II.C., *supra*), and the consolidation order noted that all subsequent related actions would be coordinated with that action. While the Lowey/Kirby Team and its slate of supporting firms coalesced organically, the NLG "group" consists simply of NLG's referral counsel (firms not specializing in CEA cases) filing additional complaints to bolster NLG's support. *See Grace v. JP Morgan Chase & Co*., No. 20 Civ. 4523 (S.D.N.Y.), ECF No. 1 and *Endeavor Trading, LLC v. JPMorgan Chase & Co. et al.*, 20 Civ. 5285 (S.D.N.Y.), ECF No. 1. This transparent attempt to strengthen their leadership application is neither a novel nor an effective litigation tactic.

### C. Rule 23(g)(1)(A)(ii) and (iii): The Lowey/Kirby Team Possesses Unparalleled Experience Litigating Commodity Exchange Act Cases and Extensive Knowledge of the Applicable Law.

The Lowey/Kirby Team's expertise and experience are unrivaled in this area of law and optimally position them to achieve the best possible results for class members in the Related Actions. Collectively, Lowey and Kirby have successfully prosecuted some of the largest and most complex CEA class actions, including securing the **largest** and **second largest** recoveries in the history of the CEA. Both firms have decades of experience litigating CEA manipulation cases on behalf of damaged investors, stretching back to the seminal case in this area, *In re Sumitomo Copper Litigation*, No. 96 Civ. 4584 (S.D.N.Y. 1999). All aspects of the Related Actions,

including the substantive law (CEA), the conduct alleged (spoofing), the contracts manipulated (Treasury futures), and the defendants (JPMorgan) have already been encountered by the Lowey/Kirby Team and at each stage of litigation, the Lowey/Kirby Team has proven its skill at advocating for its clients and the class members they represent.

**Lowey**: Lowey is a pioneer of CEA litigation all the way back to the 1970s, serving as lead, co-lead, or individual plaintiff's counsel in the most significant and complex commodity manipulation actions since the enactment of the CEA. *See* Exhibit A (Lowey firm résumé). Lowey began by playing a major role in the complex litigation that ensued following the highly publicized May 1976 default of Maine potato futures contracts and continued litigating complex CEA class actions through the 1990s and 2000s into the present day. Critically, Lowey has succeeded time and again in certifying CEA classes. It is one thing to file a complaint—especially where a government investigation provides the facts—but quite another to advance the litigation past a motion to dismiss, through discovery, and to marshal the relevant facts and expert analysis needed to certify a class.[6] For example:

- ***In re Sumitomo Copper Litigation***, Master File No. 96 Civ. 4854 (S.D.N.Y.) Lowey, as one of three executive committee members leading the prosecution, achieved a settlement on behalf of the certified class of Commodity Exchange, Inc. copper futures traders in excess of $149 million, which at the time was the largest class action recovery in CEA history;

- ***In re Amaranth Natural Gas Commodities Litigation***, Master File No. 07 Civ. 6377 (S.D.N.Y) ("*Amaranth*"). Lowey served as co-lead counsel in this certified class action alleging manipulation of NYMEX natural gas futures and options contracts in 2006 by Amaranth LLC, one of the country's largest hedge funds prior to its widely publicized, multi-billion dollar collapse. Lowey achieved settlements totaling $77.1 million, more than ten times the amount recovered by the Federal Energy Regulatory Commission and the Commodity Futures Trading Commission. At that time, the *Amaranth* settlements represented the fourth-largest commodity manipulation class recovery in CEA history;

[6] To our knowledge, neither NLG nor its principals have ever certified a CEA class.

- ***Hershey v. Pacific Investment Management Corp.***, Case No. 05 Civ. 4681 (N.D. Ill.) Lowey served as counsel to certified class representative Richard Hershey in an action alleging manipulation of Chicago Board of Trade U.S. 10- Year Treasury Note futures contracts, which settled for $118.75 million, the then-second largest recovery in the history of the CEA;

- ***In re Natural Gas Commodity Litigation***, Master File No. 03 Civ. 6186 (S.D.N.Y.) Lowey served as co-lead counsel in this certified class action alleging false reporting of physical natural gas prices and volume information by more than twenty large energy companies to leading natural gas industry publishers whose natural gas price indices were used to price and settle hundreds of millions of dollars in exchange traded natural gas derivatives. Lowey achieved recoveries in excess of $101 million on behalf of a certified class of New York Mercantile Exchange Inc. natural gas futures and options traders. This was the third largest commodity manipulation class action recovery in CEA history at the time; and

- ***Ploss v. Kraft Foods Group***, No. 15 Civ. 2937 (N.D. Ill.) Lowey currently serves as court-appointed co-lead counsel for a class of wheat futures and options traders pursuing claims against Kraft Foods Group, Inc. and Mondelēz Global LLC (collectively, "Kraft"), alleging Kraft manipulated the prices of Chicago Board of Trade wheat futures and options contracts. In June 2016, Judge Edmond E. Chang denied Kraft's motion to dismiss Plaintiffs' CEA, Sherman Act, and common law unjust enrichment claims relating to Kraft's alleged "long wheat futures scheme." In January 2020, Judge Chang granted Plaintiffs' class certification motion – the first CEA class certified alleging a "false signal" theory of market manipulation. Kraft filed a petition to the United States Court of Appeals for the Seventh Circuit, seeking permission to immediately appeal Judge Chang's certification of the class, which was denied on February 21, 2020.

Lowey's skill at prosecuting CEA claims has yielded settlements that far exceed those achieved by the CFTC, as summarized below:

| **Case** | **Regulatory Payments** | **Private Litigation Settlement** | **Private Settlement As % of Regulatory Settlement** |
|---|---|---|---|
| Amaranth[a] | $8,250,000 | $77,100,000 | 934.55% |
| Optiver[b] | $14,000,000 | $16,750,000 | 119.64% |
| Natural Gas[c] | $30,350,000 | $100,800,000 | 332.13% |

[a] *In re Amaranth Natural Gas Commodities Litigation*, No. 07 Civ. 6377 (S.D.N.Y.).
[b] *In re Optiver Commodities Litigation*, No. 08 Civ. 6842 (S.D.N.Y.).
[c] *In re Natural Gas Commodity Litigation*, No. 03 Civ. 6186 (S.D.N.Y.).

Other notable settlements Lowey has obtained in ongoing cases as sole lead or co-lead counsel for futures traders asserting CEA claims include *Sullivan v. Barclays,* No. 13 Civ. 2811 (S.D.N.Y.) (total of $491.5 million, including $182.5 from Citigroup and JPMorgan alone), and *Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 03419 (S.D.N.Y.) (Lowey as sole lead counsel secured total settlements of $307 million, $71 million from JPMorgan alone).

In recent years, Lowey has again been at the vanguard of CEA litigation, specifically regarding spoofing. Lowey serves as either sole lead or co-lead counsel in four different spoofing litigations:

- ***In re JPMorgan Precious Metals Spoofing Litigation***, No. 18 Civ. 10356 (S.D.N.Y.) Lowey serves as Court-appointed sole Lead Counsel in a commodities manipulation class action against JPMorgan and several of its traders, alleging spoofing in the market for precious metals futures and options between 2009 and 2015.

- ***In re Merrill, BOFA, and Morgan Stanley Spoofing Litigation***, No. 19 Civ. 6002 (S.D.N.Y.) Lowey serves as Court-appointed co-Lead Counsel in a commodities manipulation class action against Bank of America, Merrill Lynch, and Morgan Stanley, and several of their former traders, alleging spoofing in the market for precious metals futures and options between 2007 and 2014.

- ***Boutchard et al. v. Gandhi et al.—E-Mini Index Futures Spoofing Litigation*****,** No. 18 Civ. 7041 (N.D. Ill.) Lowey, as sole counsel for Plaintiffs, is leading the prosecution on behalf of a class of investors that transacted E-mini Index Futures (e.g., Dow, S&P, Nasdaq) and options against Tower Research Capital LLC and several of its traders for alleged spoofing violations between 2012 and 2014.

- ***Rock Capital Markets, LLC v. Deutsche Bank Securities Inc. —Deutsche Treasury and Eurodollar Spoofing Litigation*****,** No. 20 Civ. 3638 (N.D. Ill.) Lowey is leading the prosecution of a commodities manipulation class action against Deutsche Bank, alleging manipulation in the market for U.S. Treasury and Eurodollar futures and options throughout 2013.

The Lowey team leading the prosecution of this action would include attorneys Margaret MacLean, Jennifer Tembeck, Vincent Briganti[7], and Raymond Girnys. Ms. MacLean, Ms. Tembeck, and Mr. Briganti recently finished litigating *In re GSE Bonds Antitrust Litigation*, in which they recovered $386.5 million in settlements, as well as substantial compliance reforms, on behalf of investors in bonds issued by government-sponsored enterprises like Fannie Mae and Freddie Mac. In approving the settlements in that action, Judge Rakoff praised "the high quality of [Lowey's] work, both in briefs and oral argument," and Lowey's achievement in "obtaining valuable recompense and forward-looking protections for its clients" in the face of opposition from adversaries of "caliber and vigor." *See In re GSE Bonds Antitrust Litig.*, No. 19 Civ. 1704, 2020 WL 3250593 (S.D.N.Y. June 16, 2020). More information on each attorney is provided in Lowey's firm résumé attached hereto as Exhibit A.

**Kirby:** The law firm of Kirby McInerney has been at the forefront of complex litigation on behalf of investors for over seventy years. *See* Exhibit B (Kirby firm résumé). During that time, much of the focus has been on representing investors in litigation relating to the manipulation of physical commodities, commodity futures, and related derivative products.

Kirby has been involved in cutting-edge areas of futures manipulation litigation, including a seminal case involving Sumitomo Corporation's manipulation of the copper market. *See In re Sumitomo Copper Litig.*, No. 96 Civ. 4584 (S.D.N.Y. 1999). In addition, Kirby has extensive experience negotiating and analyzing groundbreaking productions from non-party exchanges, including transaction data, audit trail data, audio recordings, and electronically stored information. To Kirby's knowledge, Kirby is the only private litigant to have secured audio recordings from the

[7] Vincent Briganti is Chairman of Lowey Dannenberg, and is the head of the Firm's Commodities and Derivatives Practice Group.

CME Group, Inc. *See generally Wacker v. JP Morgan Chase & Co*, No. 15 Civ. 994 (S.D.N.Y.) [rel. 15 Civ. 992, 995] (reviewing thousands of hours of audio recordings of JP Morgan to identify evidence of manipulation of silver futures). As discussed below, Kirby has represented market makers and hedge funds in commodities manipulation cases involving crude oil, foreign exchange, silver, gold, propane, and fixed income products. Indeed, the attorneys from Kirby who will be litigating this action have served in leadership positions representing plaintiffs in numerous CEA actions alleging spoofing and the manipulation of commodity prices, including:

- ***Wacker v. JP Morgan Chase & Co*****,** No. 15 Civ. 994 (S.D.N.Y.) [rel. 15 Civ. 992, 995] Kirby, representing individual silver futures traders alleging manipulation of silver futures spreads, achieved a landmark Second Circuit appellate decision establishing pleading standards for monopolization claims in futures markets. Critically, Kirby filed and pursued these civil actions based on its own investigation and findings of manipulation before any criminal investigations against JPMorgan likely started and certainly years before the DOJ's public indictments and guilty pleas of various former JPMorgan's precious metals traders.

- ***In re LIBOR-Based Financial Instruments Antitrust Litig.*****,** No. 11 MD 2262 (S.D.N.Y.) Kirby is serving as court-appointed co-lead counsel for a class of Exchange-Based Plaintiffs alleging the fixing of prices of the LIBOR benchmark interest rate – achieving the first class-wide "icebreaker" settlement in the MDL and resulting in partial settlements to date of over $180 million, which combined, represents the **largest recovery** in a "futures-only" commodities class action litigation;

- ***In re Foreign Exchange Benchmark Rates Antitrust Litig.*****,** No. 13 Civ. 789 (S.D.N.Y.) Kirby is serving as fiduciary for a putative class of FX futures and options traders, resulting in partial settlements to date of more than $2.3 billion;

- ***In re Reformulated Gasoline (RFG) Antitrust and Patent Litig. and Related Actions*****,** No. 05 Civ. 01671 (C.D. Cal) Kirby served as co-lead class counsel pertaining to Unocal's alleged manipulation of the standard-setting process for low-emissions reformulated gasoline in California, resulting in a settlement of $48 million;

- ***In re North Sea Brent Crude Oil Futures Litigation*****,** No. 13 MD 02475 (S.D.N.Y.) Kirby served as sole lead counsel on behalf of a proposed class of Brent crude oil futures traders alleging benchmark manipulation;

- ***In re Commodity Exchange, Inc. Gold Futures and Options Trading Litigation*****,** No. 14 MD 2548 (S.D.N.Y.) Kirby is serving as class counsel in the benchmark antitrust litigation

on behalf of a putative class of gold derivative traders, including futures and options on gold, resulting in partial settlements to date of $60 million;

- ***In re Cattle Antitrust Litig.***, No. 19 Civ. 1222 (D. Minn.) Kirby is serving on the executive committee as class counsel in the antitrust litigation on behalf of putative class of those who, *inter alia*, traded live cattle futures and options traders;

- ***Sullivan v. Barclays PLC***, No. 13 Civ. 2811 (S.D.N.Y.) Kirby is serving as class counsel in the benchmark antitrust litigation on behalf of a putative class of investors who traded derivative products linked to Euribor, including futures and options contracts on the NYSE LIFFE exchange, resulted in partial settlements of more than $300 million;

- ***In re Crude Oil Commodity Futures Litigation***, No. 11 Civ. 3600 (S.D.N.Y.) Kirby served as class counsel on behalf of WTI crude oil futures purchasers in a market manipulation case, resulting in a settlement of $16.5 million;

- ***Proctor v. Deutsche Bank Securities, Inc. et al.***, No. 20 Civ. 3821 (N.D. Ill.) Kirby serving as class counsel on behalf of U.S. Treasury and Eurodollar futures traders alleging Deutsche Bank spoofed the market for U.S. Treasury and Eurodollar futures and options;

- ***In re BP Propane Indirect Purchaser Antitrust Litigation***, No. 06 Civ. 3541 (N.D. Ill. 2010) Kirby serving as co-lead counsel on behalf of indirect propane purchasers, resulting in a $15 million settlement; and

- ***In re Ductile Iron Pipe Fittings Antitrust Litigation***, MDL No. 2347 (D.N.J. 2012) Kirby serving as co-lead counsel on behalf of a proposed class of purchasers of iron pipe fittings for water projects.

Kirby has successfully represented whistleblowers in CFTC matters, including allegations concerning spoofing. Moreover, Kirby's commodities experience also extends to representing traders in regulatory investigations, including:

- ***U.S. Commodity Futures Trading Commission v. Daniel Shak***, No. 14 Civ. 1632 (D.D.C.) Kirby defended a futures trader in a case brought by the CFTC under the Commodity Exchange Act's newest provisions for violations of an administrative order in the gold futures market; and

- Represented futures and OTC trader in CFTC and CME investigations involving potential manipulation of the delivery market for actively traded commodity.

In addition, Kirby has significant experience achieving significant recoveries in connection with securities and shareholder litigations. Representative matters include:

- ***In re Citigroup Inc. Securities Litig.*****,** No. 07 Civ. 9901 (S.D.N.Y.) Kirby serving as lead counsel against Citigroup on behalf of shareholders, resulting in a settlement of $590 million;

- ***Mason-Mahon et al. v. Flint et al.*****,** No. 602052/2014 (N.Y. Sup. Ct., Nassau County) Kirby representing shareholders in a derivative lawsuit against the officers and directors of HSBC Holdings and its subsidiaries, resulting in a settlement of $72.5 million;

- ***In re Wachovia Equity Securities Litig.*****,** No. 08 Civ. 6171 (S.D.N.Y.) Kirby represented the New York City Pension Funds as lead plaintiff in a class action against Wachovia, resulting in a settlement of $75 million;

- ***In re National City Corp. Securities, Derivatives & ERISA Litig.*****,** No. 08 Civ. 70004 (N.D. Ohio) Kirby represented the New York State Common Retirement Fund as lead plaintiff in a class action against National City, resulting in a settlement of $168 million.

The Kirby team in this matter is being led by Karen Lerner, who has decades of experience and has achieved significant success litigating matters involving commodities price manipulation, including representing an exchange-based class in a complex case involving allegations that banks colluded to misreport and manipulate U.S. Dollar LIBOR. At Kirby, Ms. Lerner has been at the forefront in leading CEA litigation against global financial institutions, including JPMorgan, and is highly skilled, particularly in dealing with experts and negotiating and analyzing the types of complex audit trails necessary to prove spoofing cases. *See e.g.*, *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11 MD 2262 (S.D.N.Y.); *Wacker v. JP Morgan Chase & Co*, No. 15 Civ. 994 (S.D.N.Y.) [rel. 15 Civ. 992, 995]; *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13 Civ. 789 (S.D.N.Y.); *In re Commodity Exchange, Inc. Gold Futures and Options Trading Litigation*, No. 14 MD 2548 (S.D.N.Y.). Along with Ms. Lerner, David Kovel, the head of Kirby's antitrust and commodities litigation practice, is supporting the firm's commitment in this matter. Mr. Kovel has significant experience representing both individual and institutional investors and classes of direct purchasers in antitrust matters. Prior to receiving his J.D./M.B.A. from Columbia University, Mr. Kovel was a professional commodities trader employed by a global

merchant firm, where he took financial risk in futures and options markets and became a specialist in understanding market dynamics, especially in pricing matters. Further supporting the Kirby team will be Anthony Maneiro, who has significant experience in matters involving financial markets, including commodities litigation concerning allegations of spoofing and manipulation of exchange-traded futures and options. More information on each attorney is provided in the Kirby's firm résumé attached hereto as Exhibit B.

The Lowey/Kirby Team's experience in CEA litigation, and specifically in spoofing-based CEA litigation, translates directly to efficiency for the class. When a motion to dismiss comes in, for example, no time will be wasted on basic background research or on checking the latest developments in spoofing litigation. Instead, the Lowey/Kirby attorneys will be able to focus on the nuance of this specific case. By contrast, none of the websites of the firms on the NLG's slate mention CEA or commodities litigation as a practice area, let alone point to any leadership appointments in CEA cases or any specific knowledge of spoofing. No amount of general experience in complex class actions[8] can compete with the subject-matter expertise of the Lowey/Kirby Team.

Accordingly, the Lowey/Kirby Team respectfully submits that its knowledge of the law applicable to the claims and defenses in this litigation is reflected in the successful results they have obtained prosecuting other complex commodity and market manipulation cases, including class actions against JPMorgan.

[8] Experience that, of course, the Lowey/Kirby Team has as well.

**D. Rule 23(g)(1)(A)(iv): The Lowey/Kirby Team Will Commit More Than Ample Resources to Representing the Class.**

The Lowey/Kirby Team will draw on a deep well of resources—human, financial and more—to prosecute this action to the fullest. With over forty attorneys at Lowey and nearly thirty attorneys at Kirby, there will be no shortage of talented attorneys to assist. Both firms are well-capitalized and are prepared to advance millions of dollars on behalf of the class, as they have done many times in the past.

Lowey and Kirby have the demonstrated financial, professional, investigative, and technological resources required to prosecute the claims in this matter. In connection with the firm's prior litigation successes, Lowey and Kirby have expended millions of dollars for experts and consultants, the undertaking of international discovery, the use of advanced software systems for analyzing electronic documents, and the commitment of numerous investigative and attorney professionals needed to advance complex claims and adequately represent plaintiffs against highly qualified defense counsel. For example, in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, No. 11 MD 2262 (S.D.N.Y), Kirby serves as court-appointed co-liaison counsel for all class actions in the multi-district litigation and co-lead counsel for the exchange-based class alleging price fixing of a benchmark interest rate. In that matter, Kirby has obtained partial settlements of $187 million, which combined, represents the largest recovery in a "futures-only" commodities class action litigation. This victory has required years of concerted effort relating to discovery and negotiation with various defendants.

Furthermore, both firms have the bandwidth to take on this representation. For example, Lowey recently wrapped up *GSE Bonds*, No. 19 Civ. 1704 (S.D.N.Y.), achieving more than $386 million in settlements in a complex class action where it represented Pennsylvania State Treasurer

Joseph Torsella against sixteen multi-national banks. Similarly, Kirby recently reached a private settlement in the *Shak v. JP Morgan Chase & Co*, No. 15 Civ. 992 (S.D.N.Y.) [rel. 15 Civ. 994, 995] actions, wherein Kirby represented individual investors asserting that JPMorgan manipulated precious metals futures.

Lowey/Kirby is also able to dedicate substantial e-discovery resources to the prosecution of this case. Lowey has the unique ability to conduct end-to-end e-discovery completely *in-house* on its own servers, a capability it developed and applied in numerous complex cases that involved millions of documents. This will result in significant savings for the class.[9] Judge Rakoff found Lowey's in-house e-discovery capabilities persuasive when he appointed Lowey as co-lead counsel in a contested leadership dispute for the same reasons. *See GSE Bonds*, ECF No. 159 ("Lowey Dannenberg represents that it maintains its own e-discovery infrastructure. Again, this is not a dispositive factor, but it weighs slightly in [ ] Lowey's favor."). And those capabilities were critical in enabling Lowey (and its co-lead counsel Scott + Scott) to manage a massive document review in *GSE* of over 9.1 million pages received in just three months at a very low cost. *See GSE Bonds*, No. 19 Civ. 1704 (S.D.N.Y.), ECF No. 430, at 16 ("Co-Lead Counsel kept discovery costs low by using its in-house technology to manage document production."). Lowey/Kirby will take full advantage of those same resources here.

Additionally, Lowey's commitment to information security is second to none. The firm is currently undergoing the rigorous process of becoming ISO certified, the first plaintiffs' firm in

[9] For example, in *Sullivan v. Barclays plc*, Lowey litigated against eight multi-national banks for five years and requested only $155,362.11 in discovery-related expenses while recovering more than $491 million for the class. *See Sullivan v. Barclays PLC*, Case No. 13 Civ. 2811 (S.D.N.Y.), ECF Nos. 411, 483. In *GSE* the ratio was even better: $44,000 in discovery expense while recovering $386.5 million in settlements. *In re GSE Bonds Antitrust Litig.*, 2020 WL 3250593.

the country to do so. This means that all class members, as well as JPMorgan, can be confident that their sensitive financial data is being stored in a secure system.

While Lowey/Kirby are ready, willing, and able to deploy all the resources necessary to litigate this action effectively, they are also extremely cognizant of the need to control costs to maximize recovery for class members. Lowey's in-house e-discovery infrastructure supports this goal, as described above. The Lowey/Kirby Team will also use technology to control costs and manage hours, leveraging workflow management software maintained by Lowey to effectively coordinate and assign tasks among the team. Both firms maintain strict billing and expense protocols (attached hereto as Exhibit C) and are accustomed to working efficiently with co-counsel to eliminate duplicative efforts. As a recent example, Judge Rakoff fully approved Lowey and its co-lead counsel Scott + Scott's application for attorneys' fees and expenses after a careful (line by line) review of counsel's detailed time records and expenses. *See In re GSE Bonds Antitrust Litig.*, 2020 WL 3250593.

## III. The Rule 23(g)(1)(B) Discretionary Factors Also Favor the Lowey/Kirby Team.

In addition to distinguishing themselves under the mandatory criteria of Rule 23(g)(1)(A), the discretionary criteria the Court may consider under Rule 23(g)(1)(B) favors appointment of the Lowey/Kirby Team as interim co-lead counsel as well. Relevant considerations include: the support of sophisticated clients; the support of other plaintiffs' counsel; and a strong commitment to diversity, inclusion, and opportunity.

**Clients.** The Lowey/Kirby Team represents Charles Herbert Proctor III (a Michigan natural person) and Synova Asset Management, LLC (an Arizona limited liability company). Both clients transacted in Treasury futures during the Class Period, and Plaintiff Proctor also transacted in options on Treasury futures. Lowey/Kirby have not paid or received any client referral fees in

connection with this matter, ensuring their independence. In addition, the firms supporting the Lowey/Kirby Team represent a diverse array of clients, both individuals and corporations, from different areas of the country. Most notably, Freed Kanner and Scott+Scott represent Budo Group, a large and active trading firm with a focus on commodities trading, including trading of Treasuries futures and options.[10] Budo Group traders have invested substantial capital into transactions of Treasury futures and options, with Budo Group trading hundreds of thousands of Treasury futures and options, at the very least, during the relevant period. Accordingly, the firm clearly possesses a significant financial interest in the outcome of this litigation. These plaintiffs have the knowledge and the motivation to drive this litigation and to represent their fellow investors. And, in turn, the Lowey/Kirby Team has a long history of working with sophisticated clients (ranging from Fortune 100 companies to large public pension funds to state entities) who expect to be active participants in their litigations. For example, Judge Rakoff recently praised Lowey's client Pennsylvania Treasury for doing "an excellent job as class representative," "ensuring that the litigation was client-driven and protected the interests of the class." *In re GSE Bonds Antitrust Litig.*, 2020 WL 3250593. The same will be true here if the Lowey/Kirby Team is appointed lead counsel.

By contrast, the NLG's client, Breakwater Trading LLC, is no longer a going concern. Its Delaware LLC status was cancelled in 2018 for nonpayment of taxes and it has not been registered as an LLC in Illinois (purportedly its headquarters) since 2014. *See* Exhibit D hereto. Similarly, Illinois records indicate that NLG/Kessler Topaz client Endeavor Trading voluntarily dissolved in April 2012. *See* Exhibit E hereto. It appears that Endeavor was then acquired by holding company Sun Holdings, LLC, which itself was then acquired by yet another company (Hudson River

---

[10] *See* Budo Group, http://www.budoholdings.com/.

Trading) in 2018. *See* Exhibit F hereto. These entities' lack of corporate status will likely be exploited by JPMorgan in an attempt to adversely impact the other plaintiffs and the putative class. Appointing the Lowey/Kirby Team not only provides the class with the best counsel, but also with a superior set of lead plaintiffs.

**Support of Other Plaintiffs and Their Counsel.** As discussed above, the Lowey/Kirby Team's application is endorsed by the majority of plaintiffs and plaintiffs' counsel. The Lowey/Kirby Team has a track record of working collegially with other highly respected counsel which will enable the team to draw on the resources of the other excellent firms that support its application. Cafferty, Korein Tillery, Scott+Scott, Freed Kanner, and Louis F. Burke PC have each been appointed lead counsel in numerous CEA and/or antitrust class actions and add a depth of talent, experience, and resources that could be employed by the Lowey/Kirby Team when it is most efficient. Moreover, their decision to support Lowey/Kirby for Interim Class Counsel weighs strongly in favor of appointing Lowey/Kirby.[11]

Nevertheless, the Lowey/Kirby Team is committed to prosecuting this litigation efficiently as interim co-lead counsel without the appointment of a formal executive committee. Rather, the Lowey/Kirby Team would prefer to retain the ability to draw upon the strength and resources of supporting counsel as appropriate to complement the work performed by interim co-lead counsel. By adopting this approach, the Lowey/Kirby Team is confident that it will be able to work

[11] *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2006 WL 2038650, at *2 (E.D.N.Y. Feb. 24, 2006) (appointing lead counsel that had "demonstrated their ability to work cooperatively" even with "numerous non-lead counsel" and that had "the support of a larger and more diverse group of clients"); *see also* Manual for Complex Litigation (Fourth) § 10.224 ("It is important to assess . . . the attorneys' ability to command the respect of their colleagues and work cooperatively").

cooperatively with other counsel to ensure that this litigation is prosecuted fairly, efficiently, and economically.[12]

**Diversity, Inclusion, and Opportunity.** In reviewing leadership applications in complex class action litigation, courts increasingly consider whether a proposed leadership team demonstrates a commitment to diversity and the potential to provide substantive work for junior attorneys. *See, e.g.*, Order re Consolidation and Interim Class Counsel, *In re Robinhood Outage Litig.*, No. 20 Civ. 01626 (N.D. Cal. July 14, 2020) (denying leadership application where "all four of the proposed lead counsel [were] men" and "leadership roles [were not] made available to newer and less experienced lawyers"); Tr. of Proceedings at 13-15, *In re Chi. Board Options Exch. Volatility Index Manipulation Antitrust Litig.*, No. 18 Civ. 4171 (N.D. Ill. July 11, 2018) [ECF No. 48] (setting forth criteria for interim leadership applications).

Here, appointing the Lowey/Kirby Team Interim Lead Counsel will permit the firms with the deepest subject-matter expertise in CEA litigation and spoofing litigation to use that knowledge for the benefit of the class, without sacrificing the important values of diversity and inclusion. The Lowey/Kirby Team will provide substantial opportunities for lawyers from different backgrounds and experiences to assume leadership roles, supported by their firms at every stage. Karen Lerner, an experienced trial lawyer, will manage the day-to-day litigation on behalf of Kirby. Ms. Lerner will be assisted by Anthony Maneiro, a 2016 law graduate and member of the Hispanic National

---

[12] *See Interest Rate Swaps*, WL 4131846, at *4 ("There is value in having a support network of pre-designated law firms at the ready whom interim co-lead counsel can deploy, at interim co-lead counsel's discretion, to help shoulder such burdens. There is also value in having firms ready to assume responsibility for one-off issues that co-lead counsel determine, as a result of potential conflicts or for other reasons, are best handled by a separate law firm."); *In re Crude Oil*, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012) (noting that interim co-lead counsel "may divide case responsibilities and costs as they see fit among any of the fine law firms who have competed to be interim lead counsel").

Bar Association and the Antitrust and Trade Regulation Committee of the New York City Bar. Mr. Maneiro already manages significant responsibilities in CEA and antitrust matters, including previously arguing and defending motions to exclude expert testimony before this court in connection with the individual actions again JPMorgan described above. Lowey—led by President and CEO Barbara Hart—is a member of the Thirty Percent Coalition, an organization representing over $3.5 trillion in investment assets advocating for diversity in corporate boardrooms. Lowey associates are active in organizations such as the Hispanic National Bar Association and Hispanic Bar Association of New Jersey. Both Lowey and Kirby embody commitment to diversity, inclusion, and opportunity in all aspects of their practice.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court appoint Lowey and Kirby as Interim Co-Lead Counsel.

Dated: August 21, 2020

**KIRBY McINERNEY LLP**

*/s/ Karen M. Lerner*
Karen M. Lerner
David E. Kovel
Anthony E. Maneiro
250 Park Avenue, Suite 820
New York, New York 10177
Telephone: (212) 371-6600
Email: klerner@kmllp.com
dkovel@kmllp.com
amaneiro@kmllp.com

**LOWEY DANNENBERG, P.C.**

*/s/ Vincent Briganti*
Vincent Briganti
Raymond P. Girnys
Margaret MacLean

44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
Email: vbriganti@lowey.com
         rgirnys@lowey.com
         mmaclean@lowey.com

*Counsel for Plaintiffs Charles Herbert Proctor,
III and Synova Asset Management, LLC*